CASE 43—ACTION BY H. L. KNOX'S ADMR. AGAINST CITY OF OWENS-
BORO FOR PERSONAL INJURY TO PLAINTIFF'S INTESTATE.—OCT. 15.

# City of Owensboro v. Knox's Admr.

| 116 | 451 |
| f122 | 484 |

APPEAL FROM DAVIESS CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS APPEAL.  AFFIRMED.

ELECTRIC PLANT—MUNICIPAL    OWNERSHIP—DEFECTIVE    APPLIANCE—
CARE REQUIRED—NEGLIGENCE—PRIMA FACIE CASE—TRIAL—MIS-
CONDUCT OF COUNSEL—HARMLESS ERROR.

Held:    1. Where a municipal corporation owned and operated an
electric light plant, the degree of care required in the maintenance
of its wires for the distribution of electricity was not the same as
that required with regard to the safe condition of its streets, but
it was bound to know whether its appliances were reasonably
safe, and to keep them in a reasonably safe condition.

2. Where plaintiff's intestate came in contact with a live electric
wire, which conducted an electric current to a short post near
a sidewalk, and intestate was injured either by the imperfect
insulation of the wire, or by the negligence of the owner of
the electric plant in failing to keep other wires from coming in
contact with the wire in question, without intestate having any
reason to suspect the dangerous condition of the wire, such
circumstances establish a prima facie case of negligence.

3. Where, in an action for injuries, the verdict in favor of plaintiff
barely compensated him for the injury resulting to his intestate,
and was supported by the evidence without regard to the testi-
mony of a particular witness, improper argument of plaintiff's
counsel with regard to such witness was harmless.

GEORGE W. JOLLY, ATTORNEY FOR APPELLANT.

This is an action first brought by H. L. Knox by his mother
and next friend for injuries received by him in coming in con-
tact with a live wire charged with electricity, by which he was
burned, and having since died of natural causes, it was revived
in the name of his administrator. He was a colored boy about
fifteen years old and resided with his mother. His earning
capacity did not exceed $1 per week. He was kept indoors
from the burn for about a month. The jury gave him $362.50

damage, and the court refusing a new trial, this appeal is prosecuted by the city.

The city of Owensboro at the time plaintiff was burned was operating an electric light plant for lighting the city, &c. A guy wire used in suspending one of the arc lights in the city in some way not known became charged with electricity and this boy coming in contact therewith was burned as stated. It was a pure accident, and except as the city is to be held as an insurer, it does not seem possible it can be held liable on general principles of the law of negligence.

Our complaint is:

1. The court erred in its instructions given to the jury and in its failure to give instructions asked by the defendant.

2. The damages given by the jury are excessive.

3. The verdict of the jury is not sustained by sufficient evidence and is contrary to law.

4. Misconduct of counsel, in his argument to the jury, which was excepted to at the time.

5. Error in admitting incompetent evidence.

Our contention is that the city can not be held liable, except as it is proved either that the city itself caused the defect from which the injury resulted, or that it had notice of the existence of the defect in time to have remedied it.

There is no evidence in this case tending to show that the guy wire before the accident was ever charged with electricity even for one minute. There is no evidence of faulty construction or faulty operation. The guy wire was not insulated because it is not used for conveying electricity. How it became charged is not known and is not shown to be the fault of the city.

We submit that under the proof and for the errors mentioned a new trial should be awarded.

J. D. ATCHISON and C. S. WALKER, ATTORNEYS FOR APPELLEE.

## SYNOPSIS, POINTS AND AUTHORITIES.

1. A corporation, private or municipal, operating an electric plant in a city, is required to have and keep safe and properly constructed poles and wires at the places where erected and strung, and in using electricity at such places, must exercise such care as is commensurate with the danger, and employ such skill and knowledge as are ordinarily possessed and exercised by those experienced in the nature of the element, and probable consequences of its application for the purpose it is used, and a failure to have at such places such poles and wires,

cr to use such care, or to employ such skill and knowledge, in consequence of which an injury occurred, is negligence, for which it is liable for the damage sustained. McLaughlin v. Louisville Electric Light Co., 100 Ky., 189-193; Lexington Ry. Co. v. Fain's Admr., 24 Ky. Law Rep., 1443, 1445 and 1446.

2. An infant is not required to exercise more care than his capacity allowed him to exercise under the particular circumstances, and in determining the degree of care he should exercise, the jury should consider his condition and ability, mental and physical, and the particular circumstances under which he is called upon to act. Paducah & Memphis R. R. Co. v. Hoehl, 12 Bush, 48 and 49; Kentucky Hotel Co. v. Camp, 97 Ky., 424; Lexington Ry. Co. v. Fain's Admr., 24 Ky. Law Rep., 1446.

3. Irregularities in arguments of counsel may be cured by the withdrawal of the remarks, or an explanation rendering them harmless, or by the instruction or admonition of the trial court, and a new trial is never ordered in the appellate court, on account of such irregularities, when it appears that the party seeking it was not, under all the circumstances, materially prejudiced, or, in other words, where "the law has been ruled correctly, and the facts authorized the finding of the jury." Ky. Hotel Co. v. Camp, 97 Ky., 431 and 432; Price v. Com. (Ky.), 22 S. W., 157; Duncan v. Com. (Ky.), 16 S. W., 584; Handley v. Com. (Ky.), 24 S. W., 609. A new trial is never granted on account of any statement made by counsel in argument unless it is a flagrant abuse of his right and privilege in presenting his client's cause. City of Covington v. Glennon, 2 Ky. Law Rep., 215 and 216.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

The city of Owensboro owns and operates its own electric light plant, conducted both for public and commercial lighting. Appellee's intestate, a child some fourteen years of age, while passing along one of appellant's streets, inadvertently and innocently came in contact with a guy wire running from the top of a pole, along which were strung the wires for conducting the electric current, to a short post set near the sidewalk. By reason either of imperfect insulation or other improper and neglectful failure to keep the wires from coming in contact, the guy wire

had become charged with a heavy current of electricity. The child was severely shocked and burned. In this suit to recover damages for appellant's negligence in suffering the guy wire to become in this dangerous condition the court charged the jury as to the law governing this case, which charge is the principal point of objection on this appeal. The verdict was for appellee's intestate, and the city appeals.

The instruction most complained of, and the only one of enough novelty, presumably, to have engaged the serious attention of learned counsel, is this: "The court instructs the jury that defendant was required to have and keep safe and properly constructed wires and poles at the place where plaintiff was injured; and that it was its duty, in using electricity at the place and manner shown in the evidence, to use such care as was commensurate with the danger, and to employ such skill and knowledge as are ordinarily possessed and exercised by those experienced in the nature of the element and probable consequences of its application for the purpose it was used; and that if they believe, from the evidence, the defendant failed to have there such wires and poles or to employ such skill and knowledge, in consequence of which plaintiff was injured, it was negligent, and they should find for the plaintiff." The criticism leveled against this instruction is that it imposes an absolute duty upon the city; whereas, it is argued, the law requires merely, as to keeping the city's streets in a safe condition, that the city shall be liable only if it had notice of the defect a sufficient length of time to remedy it, or might have had such notice by the exercise of reasonable care on the part of its governing officials. This action is not to charge the city for neglecting to keep its streets in safe condition. The city, as a body corporate,

has become the owner and operator of a plant for the generation and distribution of a most subtle and dangerous agency. The degree of care, prudence, and oversight required of it in the operation of the plant ought to be the same as if it were operated by an individual. The law, in allowing damages for a neglect of such duties, is not primarily to punish the negligent operator, but to protect and to compensate the injured person. If the corporation, whether municipal or private, embarks in a business so menacing to life and safety, it ought to use that degree of care that is commensurate with the danger it creates. It must know whether its appliances are reasonably safe and in order. It will not be allowed to turn loose in a populous community such a deadly agency without first taking every reasonable precaution to prevent its injuring those unawares among whom it is sent, or else it must bear the consequences of such failure. When the circumstances of the injury show that a "live wire"—one charged with a deadly current of electricity—has been allowed to be at a place where the public have a right to be and are, without reason to suspect the dangerous condition of the wire, a *prima facie* case of negligence will have been established. In such a state of case the risk of assuming that the wires and other appliances are in a safe condition is not that of the public, but of the operator of the plant. The operator has the better means of knowing. It is his duty both to provide such appliances as are reasonably safe, and by proper inspection and oversight to keep himself informed as to whether they are safe. Until the public has knowledge or notice to the contrary, they may assume that the operator has properly discharged his duties in these respects. It is not contended that the trial court's instructions placed too high a degree of care upon appellant if it

had been a private instead of a public corporation. The degree of care required is in conformity to this court's rulings in McLaughlin v. Louisville Electric Light Co., 100 Ky., 189, 18 R., 693, 37 S. W., 851, 34 L. R. A., 812, and Lexington Ry. Co. v. Fain's Adm'r, 24 R., 1443, 71 S. W., 628.

Another objection urged against the verdict is that in the concluding argument to the jury counsel for plaintiff indulged in improper criticisms of one of appellant's witnesses, going so far as to detail an event concerning the witness which was no wise connected with the record. The matter, as used, was improper, but it was of too slight significance to have at all influenced the jury, in any probability. Even if the whole effect of this witness' testimony be eliminated from the record, it could not have affected the verdict. The testimony of this witness went solely to reduce the recovery for a certain feature of suffering after the shock. It tended to show that the suffering complained of was not the result of the shock. Be that so. The verdict of the jury barely compensated for what had gone before. We concur in the trial judge's opinion that the remark of counsel complained of was at most but a harmless error.

Perceiving no error prejudicial to appellant's substantial right, the judgment must be affirmed, with damages.