CASE 80.—ACTION BY LEWIS EVANS AGAINST THE EAST-
ERN KENTUCKY TELEPHONE & TELEGRAPH CO.,
FOR DAMAGES FOR NEGLIGENTLY BURNING
HOUSE.—February 14.

# Evans v. Eastern Ky. Tel'p. & Tel'g. Co.

Appeal from Lee Circuit Court.

ROBERT RIDDELL, Circuit Judge.

Judgment for defendant. Plaintiff appeals. Re-
versed.

Telephones—Damage by Lightning—Question for Jury.—A patron
of a telephone company notified the company to remove the
box and wires from his house. The company removed the
box, but left the wires so exposed that they were struck by
lightning, damaging the house. In an action by the owner of
the house for damages, Held, That it was a question for the
jury whether the company had used such care as might be
reasonably expected of a person of ordinary prudence in
failing to remove the wires, and whether the plaintiff, by his
want of care, contributed to the loss by suffering the wires to
remain in the house, when by ordinary care he should have
known of the danger.

S. P. STAMPER, attorney for appellant.

Errors of law complained of.
1. Because the court erred in excluding from the jury evidence
offered by appellant that tended to show that the lightning fol-
lowed defendants wire into his house at the place where defendant
had taken away the box leaving the wires attached to the house.
2. Because the court instructed the jury to find a verdict for
the defendant. (Wharton's negligence, sec. 77; Andrew Jackson
v. Wis. Tel. Co., 26 L. R. A., 101; 1st Greenleaf on Evidence,
section 51.)

Evans v. Eastern Ky. Tel'p. & Tel'g. Co.

HENRY WATSON, attorney for appellee.

Our contention is that the court did not err in taking the case from the jury for the following reasons:

1. That under the proof before the court the plaintiff could not recover.

2. Appellant contributed to the injury, if there was injury, by permitting the wires to remain in his house, and the lightning being the act of God, defendant is not guilty.

### AUTHORITIES CITED.

Thompson on Negligence, sections 168, 172, 178; Central passenger Ry. Co. v. Stevens, 17 Ky. Law Rep., 803; L. & N. R. R. Co. v. McCoy, 81 Ky., 415; Cumberland Tel'p. & Tel'g. Co. v. Morton's Adm'r, 76 S. W., 394; Lawson on Rights and Remedies, vol. 4, sec. 1810.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

Lewis Evans owns a house and lot in the town of Proctor, Lee county, Ky.  In August, 1902, he made a contract with the Eastern Kentucky Telephone & Telegraph Company by which it placed a telephone box in his house connected by wire to the defendant's exchange, and he agreed to pay it the sum of $1 a month for a period of 12 months for the use of the telephone.  At the end of the year he notified the telephone company to remove the telephone box and wires from his house.  It took out the telephone box, but failed to remove the wires, simply cutting them loose from the telephone box and leaving them in the house. Thus things stood until July 10, 1904, when there was a severe thunderstorm and the lightning struck a locust tree not far from Evans' house to which the wire of the telephone company was attached.  The lightning tore up the tree and passed along the wire into the house, tearing up the room in which the wires

had been left and damaging the property. The wires had remained in his house about 10 months after the telephone box was taken out before the house was struck by lightning  During this time Evans knew that the wires were still in the house, but did not request the telephone company to take them out, not knowing that it was dangerous for the wires to remain attached to the house after the box had been taken away, this being the first experience he ever had with a telephone. He sued the company for damages to the house, charging that the loss was due to its negligence. The defendant filed an answer denying the allegations of the petition. On the trial the plaintiff proved, in substance, the facts we have stated. The court peremptorily instructed the jury to find for the defendant. This was done, and, judgment having been entered dismissing the plaintiff's petition, he appeals.

It is insisted that the loss was due to the act of God, and that the plaintiff was as much responsible for the trouble as the defendant. While lightning is the act of God, the carrying of the lightning in the plaintiff's house on its wire which it had left in the house was the act of the defendant, and it was a question for the jury whether the defendant had used such care as might be reasonably expected of a person of ordinary prudence under the circumstances. The plaintiff had ordered the defendant to take out both the box and the wires, and it was a question for the jury whether he, by his want of care, contributed to the loss, or acquiesced in the wires remaining in the house when he knew, or by ordinary care should have known, the danger. He had once notified the company to take out both the box and the wires, and, though he knew that they had not complied with his request, he may not have known that they had so left the wires

as to be a source of danger. In 27 Am. & Eng. Ency. of Law, 1017, the rule is thus stated; "In placing wires for conducting electricity into a house, a telephone company owes the persons living there the exercise of reasonable care, proportioned to the known dangers of the conditions to prevent the wires acting as conductors of lightning into the building, and it is liable for damages resulting from neglect to provide against this danger. Especially is it liable where damage from lightning occurs through its failure to remove its wires when the person living in the house has ceased to subscribe for a telephone."

Judgment reversed, and cause remanded for a new trial.