# Posey *v.* Town of North Birmingham.

## *Action for Damages for Personal Injury.*

(Decided Feb. 6, 1908.   45 South. 662.)

1. *Municipal Corporations; Operation of Public Utilities; Negligence; Liability for.*—A municipal corporation operating public utilities, if acting within its charter powers, is liable for injuries inflicted through the negligence of its servants or agents, just as other persons or corporations.

2. *Same; Authority to Operate; Charter Power.*—The operation of an electric lighting concern by the town of North Birmingham is ultra vires the corporation, and the town is not liable for injuries caused by the negligent operation of such plant; nor is power given said town to operate such plant either by section 2950, subdivision 1, Code 1896, nor by subdivision 11 thereof, nor by subdivision 12 thereof, nor by section 225, Constitution 1901, nor by the Act of February 25, 1907 (General Acts 1903, p. 59).

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by Samuel R. Posey for personal injuries received in the operation of an electric lighting plant, alleged to be owned and operated by defendant, the city of North Birmingham. From a judgment for defendant, plaintiff appeals. Affirmed.

[Posey v. Town of North Birmingham.]

SHUGART & BELL, for appellant. Under the Constitution of 1901, and Acts 1903, page 59, the municipality was authorized to own and operate and own an electric lighting plant.—*Equitable Loan Co. v. Edwardsville,* 38 South. 1016. If this be true, it would be liable for the acts of its agents and servants employed therein.—59 Atl. 487; 63 Am. St. Rep. 817, and note on page 818; Labatt on Master and Servant, Section 847.

WEATHERLY & STOKELEY, for appellee. The question of ultra vires can be raised by demurrer when on the face of the complaint the corporate act is wholly ultra vires.—*Huntsville v. Ewing,* 116 Ala. 576; *Orlando v. Spragg,* 19 L. R. A. 196; 2 Dillon Munic. Corp. sec. 968. The acts complained of were ultra vires the corporation and the demurrers to the complaint were properly sustained.—*Mobile v. Moog,* 53 Ala. 561; *City of Eufaula v. McNabb,* 67 Ala. 588; *In re Jones,* 78 Ala. 419; *New Decatur v. Berry,* 90 Ala. 432; Dillon's Munic. Corp. supra.

DOWDELL, J.—This is an action brought by the plaintiff to recover damages on account of personal injuries received for the alleged negligence of the defendant's servant or agent having superintendence and control of an electric lighting plant owned and operated by the defendant. The complaint, as originally filed, contains six counts, to which demurrers interposed by the defendant were sustained. The first, second, and fourth counts were subsequently amended, and the complaint was further amended by the addition of a count designated as "A." Demurrers were refiled to the complaint as amended, and were by the court sustained. The plaintiff declining to plead further, the judgment was render-

[Posey v. Town of North Birmingham.]

ed for the defendant. From this judgment the present appeal is prosecuted.

While errors were separately assigned as to the ruling of the court on demurrers to each count as originally filed and as amended, these assignments are not separately insisted upon, and practically one question raised by the demurrers is argued by counsel for appellant and appellee. It may be that counts 1, 2, 3, 4, 5, and 6, are not altogether free from objection; but as their imperfections are not urged in argument, except upon the principal question involved in the case, to which we will advert later on, we desist from further discussion. Count A, we think, is sufficient in its averments and states a good cause of action, unless it be that the demurrer addressed to all the other counts, and which raises the question as to whether the defendant, a municipal corporation, had the power and authority under its charter to operate an electric lighting plant, is well taken. It seems to be settled as authority, where a municipal corporation, acting within its charter powers, maintains and operates an electric lighting plant, the corporation may be held for the negligence of its servants or agents as any other person.—*Fisher v. Newbern*, 140 N. C. 506, 53 S. E. 342, 5 L. R. A. (N. S.) 542, 111 Am. St. Rep. 857; *Owensboro v. Knox*, 116 Ky. 451, 76 S. W. 191; *Emory v. Philadelphia*, 208 Pa. 492, 57 Atl. 311; *Herron v. Pittsburg*, 204 Pa. 509, 54 Atl. 311, 93 Am. St. Rep. 798; *Twist v. Rochester*, 165 N. Y. 619, 59 N. E. 1131; *Emporian v. Burns*, 67 Kan. 523, 73 Pa. 94. See, also, note to *Hebert v. Lake Charles Ice Co.*, 100 Am. St. Rep. 535.

The vital question in this case is whether the town of North Birmingham had authority and power under its charter to own and operate an electric lighting plant.

33 R

The defendant corporation was organized under the general statute. Sections 2937 to 2967, inclusive, of the Code of 1896. Section 2950 contains an enumeration of the powers granted to the municipality incorporated under this statute. Subdivision 1 of this section, which may be termed the "general welfare clause," reads as follows: "'To pass such by-laws and ordinances as may be necessary to enforce the powers in this article to them granted, and for their own government, and not contrary to law." Then follows, in subdivisions 2 to 12, inclusive, an enumeration of the powers granted. Subdivision 11 provides: "To purchase, hold and dispose of real property and such personal property as may be necessary for the use of the corporation." And subdivision 12 provides: "To exercise such other powers as are conferred on them by law." In the powers enumerated the authority or power to light the streets is not expressed, and much less the powers to own and operate an electric light plant for the purpose of lighting the streets. If such power exists, it must be deduced by construction from the subdivisions 1, 11, and 12, above set out, or rather, perhaps, by implication, since no grant of express power is to be found among the powers enumerated. The rule applicable to such cases, and which is quoted approvingly in *Mayor of Mobile v. Moog*, 53 Ala. 561, is thus stated by Judge Dillon in his work on Municipal Corporations (volume 1 [2d Ed.] § 55) : "It is a general rule, and an undisputed proposition of law, that a municipal corporation possesses and can exercise the following powers, and no others: First, those granted in express words; second, those necessarily or fairly implied in or incident to the powers expressly granted; third, those essential to the declared objects and purposes of the corporation—not simply convenient, but in-

[Posey v. Town of North Birmingham.]

dispensable. Any fair, reasonable doubt concerning the existence of power is resolved by the courts against the corporation, and the power is denied. Of every municipal corporation the charter or statute by which it is created is its organic act. Neither the corporation nor its officers can do any act, or make any contract, or incur any liability, not authorized thereby. All acts beyond the scope of the power granted are void. * * * These principles are of transcendent importance, and lie at the foundation of the law of municipal corporations." See, also, *City of Eufaula v. McNabb,* 67 Ala. 588, 42 Am. Rep. 118; *Ex parte Mayor and Aldermen of Florence in re Jones,* 78 Ala. 419; *New Decatur v. Berry,* 90 Ala. 432, 7 South. 838, 24 Am. St. Rep. 827.

The power to erect and operate, at its own expense, an electric lighting plant, costing thousands, perhaps hundreds of thousands, of dollars, necessarily involves the power to tax the people to pay for the outlay. Neither the number of the inhabitants, nor the land or property comprised within the boundary of the town, nor the limited taxing power embraced in section 2954, would lead to any such inference, but, on the contrary, would quite clearly repel the inference. It cannot reasonably be said that the power is necessarily or fairly implied in or incident to the powers expressly granted; nor is it essential to the declared objects and purposes of the corporation. It may be conceded that the lighting of the streets of the town is a very great convenience, and, furthermore, may have a tendency to the repression of a certain class of crimes; but it is not indispensable to this end. It is unlike the supply of pure and wholesome water, which is essential to the life of the citizen; and hence in this respect the case is differentiated from those wherein it is decided that the supply of water to

the inhabitants, being indispensable, is considered as an implied power essential to the declared objects and purposes of the corporation. There are cases, however, in other jurisdictions, that hold a contrary view, some of which are cited in brief of counsel for appellant; while there are still others in line with the doctrine above laid down, and which has been adhered to by this court, and among which may be cited *Spaulding v. Town of Peabody,* 153 Mass. 129, 26 N. E. 421, 10 L. R. A. 397, and *Nat. Foundry & Pipe Works v. Oconto Water Co.* (C. C.), 52 Fed. 29.

It is insisted by counsel for appellant that the power in question is conferred by section 225 of the Constitution of 1901, and the act of the Legislture passed pursuant to the constitutional provision. Gen. Acts 1903, p. 59. We fail to see that any power is conferred either under the constitutional provision or the act. On the contrary, we construe them to be rather a limitation put on the power wherever it already existed under other legislation; if not a limitation, at least a restriction thrown around the exercise of the power. Section 225 of the Constitution of 1901 provides as follows: "No city, town, or other municipal corporation having a population of less than six thousand, except as hereafter provided, shall become indebted in an amount including present indebtedness, exceeding five per centum of the assessed value of the property therein, except for the construction of or purchase of water works, gas or electric lighting plants, or sewerage, or the improvement of streets, for which purposes an additional indebtedness not exceeding three per centum may be created; provided this limitation shall not affect any debt now authorized by law to be created," etc. That there is no grant of power to purchase or construct a lighting plant contain-

ed in the provision is apparent upon its reading. It is a limitation on the amount of debt to be incurred in the exercise of such power, when such power may otherwise exist. The act of February 25, 1903 (Gen. Acts 1903, p. 59), instead of conferring the power to construct or purchase and operate an electric plant for lighting purposes, may be said to place a still further limitation on the exercise of the power when and where it exists, in providing that the question of the issuance of bonds shall first be submitted to a vote of the people in an election to be held for that purpose. ·

Our conclusion is that the defendant municipality had not the power under the general statute, which contained all of its charter powers, to engage in the operation of an electric lighting plant. It follows that the act complained of was ultra vires the corporation, and the resulting injury fixed upon it no liability. The judgment appealed from is affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.