# Cohen & Stryck v. Home Telephone Company, et al.

(Decided February 5, 1918.)

## Appeal from Pike Circuit Court.

1. **Appeal and Error—Verdicts and Findings—Evidence.—**Where the evidence is conflicting, and such as to produce in the mind of a reasonable person a doubt as to the truth, a verdict will not be set aside on the ground that it is flagrantly against the evidence, although it may be against what this court may believe is a preponderance of the evidence.

2. **Telegraphs and Telephones—Construction and Maintenance.—**It is the duty of a telephone company in installing a telephone in a building to exercise reasonable care to so install it as to make it reasonably safe from the effects of lightning which might be conducted into the building over the wires of the telephone, and this duty to exercise reasonable care likewise extends to the proper maintenance of the telephone in the building after it shall have been installed. But if the installation is unsafe, or afterwards becomes so, and the patron of the telephone company has knowledge of it, it would become his duty to notify the company of the fact and it should remedy the defect within a reasonable time thereafter.

ROSCOE VANOVER, J. C. CLINE and GEORGE B. MARTIN for appellants.

JOHN F. BUTLER and J. J. MOORE for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellee and defendant below, N. Starkey, owns and operates a telephone system in a number of counties in Eastern Kentucky which he conducts in the name and style of Eastern Kentucky Home Telephone Company. The appellants and plaintiffs below were partners conducting a mercantile business in the suburbs of the town of Jenkins in Letcher county, Kentucky, under the name and style of Cohen & Stryck. At their request the defendant installed a telephone in their store in June, 1913. On July 1, 1914, the store and its contents were burned, and alleging that the fire was caused by lightning conducted into the store over the telephone wires, and that the installation of the telephone was carelessly, negligently and improperly done, and that defendant had carelessly and negligently failed to maintain it in a reasonably safe condition, plaintiffs brought this suit to recover the value of the store and its contents, which they fixed at $18,300.00. The negligence complained of was

denied by answer, and upon trial the jury empaneled to try the case returned a verdict in favor of defendants, upon which judgment was rendered, and plaintiffs' motion for a new trial having been overruled, they prosecute this appeal.

Many grounds are urged as reasons for a reconsideration in the motion for a new trial, but all of them except two are of a minor, and, as we think, immaterial nature. The two insisted upon in this court are, (1) that the verdict of the jury is flagrantly against the evidence, and (2) the failure of the court to properly instruct the jury.

That telephone companies, in constructing their lines and installing their telephones in residences, offices and other places where desired, are required to exercise ordinary care to protect the premises from injury or damage, resulting from the effects of lightning seems to be well settled. In American & English Ency. of Law, 2 Edition, Vol. 27, 1017, the rule upon this subject is thus stated: "In placing wires for conducting electricity into a house, a telephone company owes the persons living there the exercise of reasonable care, proportioned to the known dangers of the conditions, to prevent the wires acting as conductors of lightning into the building, and it is liable for the damages resulting from neglect to provide against this danger."

The general principle under facts somewhat analogous was recognized and applied by this court in the case of Evans v. Eastern Kentucky Telephone & Telegraph Company, 30 Ky. Law Reporter 833. The fact that lightning is an act of God is not allowed to excuse the company when its negligence co-operating with the lightning produced the injury and loss complained of, for it is everywhere recognized that where the negligence of a responsible person concurs with an act of God in producing an injury, the one guilty of the negligent act will be liable for the consequences, as the injury would not have happened but for his negligence. Kenny v. Kas. City P. & G. R. Co., 74 Mo. App. 310; Chicago B. & O. R. R. v. Shaffer, 26 Ill. App. 280; South Side Realty Co. v. St. Louis & S. F. R. Co., 134 S. W. (Mo.) 1034; Martin v. City of Phila., 54 Penn. Sup. Ct. 563; Frederick v. Hale, 42 Mont. 153; Brown v. West Riverside Coal Co., 120 M. W. 732 (Iowa); Quincy Gas & Electric Co. v. Schmitt, 123 Ill. App. 647; Mo. K. & T. Ry. Co. v. Johnson, 126 Pacific 567 (Okla.); and Evans v. Eastern Kentucky Telephone & Telegraph Company, *supra.*

The rule is rested upon the idea that it is the duty of the one guilty of negligence to anticipate such an act of God and to exercise reasonable care to guard against and prevent such act from producing injurious consequences. Indeed it seems to be conceded in this case that if the telephone in plaintiffs' store was negligently installed, and because of which the lightning set it on fire, defendant would be liable.

In disposing of the first contention—that the verdict of the jury is flagrantly against the evidence—it will be necessary to briefly consider the testimony introduced by both parties. It is admitted that science has developed a reasonably safe mode of installing a telephone so as to protect the building against the effect and consequence of lightning, but upon the point whether such a mode was adopted in this case the testimony is exceedingly conflicting. It is agreed that in general terms the telephone wires at the place where they enter the building should be so insulated or otherwise protected that a heavy voltage of electricity passing through them would not ignite the building. Likewise, it is agreed that prudent installation requires what is known as a lightning arrester, which should be connected either with a metal rod, or a wire of sufficient size running into the ground deep enough to be in constant contact with moisture. Whether these recognized requirements for the installation to be reasonably safe were complied with by defendant is the main question. By the man who installed the telephone in plaintiffs' store defendant proved that the telephone wires entered into the building through a hole made in its wall about a quarter of an inch in diameter and that the two wires where passing through the hole were insulated with the proper material, and that they connected with a lightning arrester attached to the telephone; that properly connected with it was a piece of telephone wire which ran back through the same hole and down the side of the building into the ground to a depth of about three feet, a small coil of wire being attached to the buried end.

Defendant's testimony by a number of witnesses who are experts in the business is to the effect that such an installation is reasonably safe to protect against lightning, and the one usually adopted for that purpose, while an equal or perhaps greater number of witnesses for plaintiffs testify that such an installation is by no means safe for the purpose, but that on the contrary it is wholly

insufficient. Plaintiffs' witnesses insist that the proper method of installation is to have the telephone wires where they enter the building encased in a porcelain tube, and that the ground connection from the lightning arrester should be a metal rod and extend into the ground some six or eight feet, or further if necessary to reach a permanently moist place. Everyone agrees that if the ground connection is not sufficiently deep to reach permanent moisture it is of but little value. The question involved is one of scientific knowledge and has not become so universally established as to authorize the courts to take judicial knowledge of the correct method, and under the conflicting evidence it was a question for the determination of the jury, and we do not find that its verdict in favor of defendant upon the point involved is flagrantly against the evidence, although plaintiffs introduced testimony to the effect that the wires where they entered the building were not insulated, nor was the ground connection more than six or eight inches deep. These issues were properly submitted to the jury, and its finding cannot be disturbed on the ground that it is flagrantly against the evidence.

Turning now to the (2) contention, it is shown that the court gave to the jury three instructions. Number one is a definition of negligence; number three authorized nine of the jury to return a verdict. Number two, being the only one objected to and complained of on this appeal, is: "The court instructs the jury that it was defendant's duty in installing his telephone in plaintiffs' storehouse to install same in said storehouse in such a manner as to make it reasonably safe, and if the jury believe from the evidence that defendant negligently failed to install said telephone in a reasonably safe manner, and as a result of such negligence, if any, plaintiffs' storehouse was burned, they will find for plaintiffs the reasonable value of the property so lost thereby, so that the finding for the goods so lost, if anything, does not exceed $1,700.00, and the finding for the storehouse, if anything, does not exceed $1,300.00, and the finding for the furniture, fixtures, chickens, &c., if anything, does not exceed $500.00, so that the whole finding, if anything, does not exceed $18,300.00, and if the jury do not so believe and find they will find for defendant."

Another instruction offered by plaintiffs' counsel, but refused, was almost identical with number two, except that it incorporated therein the duty of the defendant

"to keep same (the telephone) in a reasonably safe condition," and if the jury should find that the defendant "negligently failed to maintain same (the telephone) in a reasonably safe manner, etc.," and by reason of which the building was caused to burn, that the law was for the plaintiff and the jury should so find.

It will thus be seen that the complaint of plaintiffs in their second contention is that it was the duty of the defendant not only to *install* the telephone in a reasonably safe manner, but to also *maintain* it in such manner after it was installed, while counsel for defendant insist that there is no such duty as to the maintenance of the telephone. In justification of their position, plaintiffs' counsel refer us to the text in 37 Cyc. 1639, wherein it is stated in general terms that a telephone company would be liable for injuries produced by its negligent or improper manner of maintaining its line along the public highway, or places where people have a right to be, in such a manner as to produce injuries, and we are also referred to the same volume, page 1642, wherein it is said: "A telegraph or telephone company is liable, not only for personal injuries, but also for injuries to property caused by the negligent or improper manner of constructing or maintaining its line."

In the note to the quotation there are many cases cited, among which may be found Richmond, &c., R. R. Co. v. Rubin, 102 Va. 809, and Jackson v. Wisconsin Telephone Co., 88 Wis. 243. In the first case plaintiff's building was burned as a result of electricity from defendant's high-tension wires communicated through broken telephone wires; in the second case plaintiff's property was destroyed by fire caused by lightning conducted over the telephone wires. These injuries were not the result of improper construction or installation, but flowed from improper maintenance. If the placing of a telephone in a building might be a source of danger when improperly done, we cannot see any ground for making a distinction between that and the telephone becoming a source of danger if improperly maintained, for, after all, the telephone and the wires connected with it are the property of the telephone company, and it has a right to remove them when the use of the telephone by the patron has ceased. All of it is a part of the company's entire system, the use of which is temporarily leased or purchased by the customer as long as he uses the telephone, and the reason

for the duty of maintenance upon the part of the company is as strong as that of proper construction.

This court, in the case of Smith's Admr. v. Middlesboro Electric Co., 164 Ky. 46, had under consideration and dealt with a similar question. In that case plaintiff's decedent was killed by an electric shock from an electric light in his drug store. It was urged as a defense that the company was under no duty to maintain the electric wiring of the drug store in a safe condition, because it was the property of the occupant of the building and had been installed by him; that the only duty of the defendant was to furnish electricity to be distributed through the building by means of its internal wiring with which it had nothing to do. It was held in substance that if the facts as just related existed, and defendant was not negligent in amount of voltage of electricity which it furnished, it would not be liable; but, on the contrary, if it owned and installed the wiring and fixtures in the building, it owed the duty of inspection for the purpose of maintaining them in a safe condition, and that if it failed to do so it would be liable for a consequent injury.

If in the latter case the duty of maintenance is imposed upon the company, where perhaps it might not have the right to remove the fixtures in the building, it would certainly result by analogy that a telephone company which not only has the right to remove its apparatus, but remains the owner of it all the while, would also be required to exercise proper care to maintain it in a reasonably safe condition. Under the authorities referred to, as well as under the general principles governing the law of negligence, we are constrained to hold that a telephone company, under the facts and conditions presented by this record, is required to exercise ordinary care to see that its telephones are maintained in a reasonably safe condition. However, if a telephone properly installed should get out of repair and become dangerous; or, if one should be improperly installed and dangerous from the beginning, and a patron should have knowledge of such facts, it would be his duty to notify the company of the defects, when it would be compelled to make the proper repairs within a reasonable time. The instruction complained of did not include nor did it submit to the jury the duty of the defendant to exercise reasonable care to maintain the telephone in a reasonably safe condition, and as there was some evidence to show such neglect, it was the duty of the court to submit that issue

to the jury. Upon another trial it will reform the instructions so as to conform to the principles herein expressed.

Wherefore, the judgment is reversed for proceedings consistent herewith.