## Kentucky and West Virginia Power Company et al. v. Riley's Administrator.

(Decided February 25, 1930.)

JOE W. CRAFT and W. E. FAULKNER for appellants.

JESSE MORGAN, H. C. JOHNSON and J. T. BOWLING for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

Allen Riley, a boy about 12 years old, was electrocuted by a live wire dangling from a pole upon or adja-

cent to a highway in the city of Hazard. His administrator instituted an action against the Kentucky & West Virginia Power Company and the Wakenva Coal Company to recover damages for the death, alleging that it was caused by the concurring negligence of the two companies. Separate answers were filed, each traversing the averments of the petition. The power company also pleaded that the wire which electrocuted Riley was controlled and maintained by its codefendant, the Wakenva Coal Company; that it was broken during a severe storm about midnight preceding the day Riley met his death; that the defendant could not, by the exercise of reasonable diligence, have prevented the accident, since it did not know or have notice that the wire was broken or dangling by the roadside, and that it could not, by the exercise of any diligence, have known of the breaking of the wire by the storm. It also pleaded contributory negligence on the part of the deceased. The Wakenva Coal Company, in addition to a traverse of the allegations of the petition, pleaded that the wire mentioned was one of the lines of its codefendant, Kentucky & West Virginia Power Company, over which electric power was furnished to a part of its mining camp, and that some time after midnight immediately preceding the day of Riley's death the wire was broken by a storm, and that it could not, by the exercise of reasonable diligence, have discovered and corrected the danger in time to have prevented the accident. The affirmative defenses were appropriately denied, and a trial before a jury resulted in a verdict of $15,000 in favor of the plaintiff against both defendants. A new trial was requested and refused, resulting in this appeal.

Numerous grounds for reversal of the judgment are urged, but, since a new trial is necessary, and none of the matters complanied of will likely occur again, it is unnecessary to consider anything except the rulings of the court respecting the admission of testimony and the instructions to the jury. It appears that the electric line was broken down in a windstorm and the live wire extended nearly to the ground. The accident to the boy happened about 9:00 o'clock the next day. It is argued that the evidence of Henry Johnson respecting the condition of the wire a few days subsequent to the accident was incompetent. Like complaint is made respecting the testimony of another witness. It appeared that the con-

ditions had not been altered from the time of the accident, and, so long as the situation was unchanged, time was not material. The conditions shown tended to prove what they had been at the time of the accident. A wire carrying a deadly current of electricity was dangling 8 or 10 inches above the level of the roadway. It was allowed to remain for several hours after the storm, and those facts constituted evidence of negligence on the part of both companies. It was their duty to exercise the highest degree of care to discover the danger and to cut off the current or repair or remove the dangerous wire.

Complaint is made also respecting the admission of the testimony of Luther Riley, father of Allen Riley. The evidence was comparatively unimportant. It related to no transaction with the deceased, or to any conversation with him, or to any act or omission of his. It concerned conditions discovered after the death of the boy which any witness could see, and it was not improper to permit the father to testify respecting them. Chesapeake & O. R. Co. v. Perkins, 127 Ky. 110, 105 S. W. 148, 31 Ky. Law Rep. 1350. The testimony of David as to the discontinuance of electric service and restoration thereof without inspection of the lines was competent, but the references to nonpayment of bills by the mining company should be omitted as immaterial in itself and unnecessary to connect anything that was material.

It is argued that the appellants were entitled to a directed verdict upon the ground that there was no proof of negligence. The argument overlooks the duty resting upon persons who distribute a dangerous current of electricity. They must exercise the highest degree of care to protect persons along the highways from coming in contact with the danger, and that duty is not performed when a live wire carrying a deadly current is permitted to remain for hours in a public road in a populous community. The fact that there had been a storm was material only in so far as it explained, if it did so, whether the breaking of the wire was the result of negligence or the consequence of an unexpected natural force which the highest degree of care could not have guarded against. But if the negligence of the companies and the incidence of the storm concurred to cause the injury, the liability is not defeated. Cohen et al. v. Home Telephone Co., 179 Ky. 107, 200 S. W. 344; Evans v. E. K. T. & T. Co., 124 Ky. 620, 99 S. W. 936, 30 Ky. Law Rep. 833; Union Light, Heat & Power Co. v. Lunsford, 189 Ky. 785, 225 S. W.

741; Mitchell v. Charleston Light & Power Co., 45 S. C. 146, 22 S. E. 767, 31 L. R. A. 577; Paducah Railway Co. v. Bell, 85 S. W. 216, 27 Ky. Law Rep. 428; Mangan's Adm'r v Louisville Electric Light Co., 122 Ky. 476, 91 S. W. 703, 29 Ky. Law Rep. 38, 6 L. R. A. (N. S.) 459; Lewis v. Bowling Green Gaslight Co., 135 Ky. 611, 117 S. W. 278, 22 L. R. A. (N. S.) 1169. Even though the dangerous condition was created solely by the storm, it was nevertheless the duty of the defendants in the exercise of the highest degree of care, to have corrected it within a reasonable time. Yellow Creek Coal Co. v. Lawson, 229 Ky. 245, 16 S. W. (2d) 1043. The duty to exercise the utmost care to protect the public, under the circumstances shown in this case, rested upon both the power company and the mining company. Thomas v. Maysville Gas Co., 108 Ky. 224, 56 S. W. 153, 21 Ky. Law Rep. 1690, 53 L. R. A. 147; Smith v. Middlesboro Elec. Co. 164 Ky. 61, 174 S. W. 773, Ann. Cas. 1917A, 1164; Macon v. Paducah Street Railway Co., 110 Ky. 680, 62 S. W. 496, 23 Ky. Law Rep. 46. Upon the occurrence of a storm of sufficient violence to disturb the power line, it was the duty of the defendants to examine the line and see whether a menace to the public had been created. It was also incumbent upon them to take the steps required by the highest degree of prudence to protect the public from the danger lurking along the highway as a result of the broken wires. Lexington Ry. Co. v. Fain's Adm'r, 71 S. W. 628, 24 Ky. Law Rep. 1443; Smith v. Middlesboro Elec. Co., 164 Ky. 62, 174 S. W. 773, Ann. Cas. 1917A, 1164; Union Light, Heat & Power Co. v. Lakeman, 156 Ky. 33, 160 S. W. 723. It is plain, therefore, that the circuit court ruled rightly in denying the motion of defendants for a peremptory instruction.

The court gave the jury five instructions and rejected four requests made by one of the appellants. The first instruction was copied from the opinion of this court in the case of City of Owensboro v. Knox's Adm'r, 116 Ky. 451, 76 S. W. 191, 25 Ky. Law Rep. 680. The second instruction correctly defined the measure of damages, and the third one advised the jury how nine or more of their number might make a verdict. One instruction simply told the jury they could find for or against either or both defendants. The final instruction defined contributory negligence and is not complanied of by the appellants. The offered instructions presented the several theories of the defendants, and, while not entirely

accurate, they suggested definite defenses that should have been embraced in the instructions submitted to the jury. It was the duty of the court under such circumstances to formulate appropriate instructions presenting the defenses so far as justified by the law and the facts. Shafer v. Chesapeake & O. R. Co., 228 Ky. 219, 14 S. W. (2d) 780; Helge v. Babey, 228 Ky. 197, 14 S. W. (2d) 757; Madisonville, etc., Ry. Co. v. Thomas, 140 Ky. 143, 130 S. W. 975. The facts developed in this case were so different from those presented in the case of City of Owensboro v. Knox's Adm'r, supra, that the instruction there approved did not fulfill the requirements or meet the exigencies of the occasion. Cf. Illinois Cent. R. Co. v. France's Adm'r, 130 Ky. 26, 112 S. W. 929. The defendants were liable, if they negligently permitted a charged wire to be in the highway at a place where the public might come in contact with it. They were also negligent if the defective condition of the appliances concurred with the windstorm in bringing about the danger to the public. They were further negligent if they failed to discover and remove or repair the broken wire, or to protect the public against the danger, as soon as it could be done in the exercise of the highest degree of care. The liability of the defendants in each hypothesis depended upon whether the negligence found to exist was the proximate cause of the alleged injury. The defendants were under the duty to exercise the highest degree of care and skill usually exercised by prudent and skillful persons engaged in manufacturing and distributing dangerous currents of electric power and any failure to exert that degree of care constituted negligence. Lexington Utilities Co. v. Parker's Adm'r, 166 Ky. 81, 178 S. W. 1173; Louisville Gas Co. v. Beaucond, 188 Ky. 732, 224 S. W. 179; West Kentucky Coal Co. v. Key, 178 Ky. 227, 198 S. W. 724. The instructions should have been so formulated as to advise the jury of the various conditions under which liability was imposed upon the defendants.

The converse of the instructions indicated should be incorporated directing the jury that, if the defendants, or either of them, were found to be free from the negligence charged, or that it was not the proximate cause of the injury, the verdict should be returned accordingly. It is argued that the errors in the instructions were not prejudicial, but it is plain that the issues presented by the pleadings and proof were not fully submitted to the jury, and we are unable to say that the rights of defend-

ants were not prejudiced by such failure. It is a substantial right to have the jury accurately and adequately instructed on the law applicable to the facts which the evidence tends to prove. A denial of appropriate requests calculated to accomplish that purpose must be deemed prejudicial to the rights of the party adversely affected. Kentucky Public Service Co. v. Morris's Adm'r, 195 Ky. 582, 242 S. W. 599.

The judgment is reversed for a new trial consistent with this opinion.