Parsons *v.* City and County of San Francisco.

---

## PARSONS *v.* THE CITY AND COUNTY OF SAN FRANCISCO.

THE act known as the Consolidation Act, passed in 1856, released the City and County of San Francisco from all liability for damages for injuries sustained by any person on its graded streets or public highways, in ·consequence of said streets or highways being out of repair.

Sec. 64 of said act is not unconstitutional.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The defendant recovered judgment in the Court below, and plaintiff appealed. .

*Cook, Brownson & Hittell*, for Appellant.

*John H. Saunders*, for Respondent.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action brought by the plaintiff against the City and County of San Francisco, to recover damages for injuries sustained by him, caused by falling down an embankment on Stockton Street.

The defendant sets up that she is not liable, under the provisions of Sec. 64 of the act known as the Consolidation Act (Stat. of 1856, 162), which determines the liability in such cases. Said section is as follows:

" If, in consequence of any graded street or public highway being out of repair, and in a condition to endanger persons, horses, or other animals passing therein, any person, while lawfully using said street or public highway, and exercising ordinary care to avoid the danger, suffer damages to his person; or if any horses, animals, or other property, being lawfully ridden, driven, or conveyed through such street or public highway, be injured, lost, or destroyed through any such defect therein, no recourse for the damage thus suffered shall be had against the City and County of San Francisco; but if such defect in the street or public highway have existed for the period of twenty-four hours or more, then the person or persons on whom the law may have imposed the obligation to repair such defect in the street or public highway, and also the officer or officers through whose official negligence such defect remained unrepaired, shall be, jointly and severally, liable to the party injured for the damage sustained."

The street in question was not a " graded street" at the time of the accident, and the appellant therefore contends that it could not be " out of repair," within the meaning of this section. The statute reads, " graded street or public highway;" and it is clear, that if it was not a graded street, it was a *public highway*, and therefore it was within the statute. The terms " public highway" are most general in their meaning, and include all kinds of thoroughfares in which the public have a right of way or passage. It clearly includes graded and ungraded, finished and unfinished streets. The statute says, " being out of repair, and in a condition to endanger persons," etc. These terms are not properly confined to graded, constructed, or finished streets, but include those public highways in a state of nature, or partially-graded condition, when they are in such a state as to endanger persons or animals passing therein.

It is urged, that the defendant did not show that the embankment, or other defect in the street which caused the injury com-

plained of, had existed for twenty-four hours or more before the accident. The nonliability of the city does not depend, under the statute, upon any such fact. The act exempts her from liability in any event; but the liability of other persons and public officers, for the damages, is made to depend upon that fact. It was not, therefore, a matter which the defendant was in any way bound to plead or prove.

We do not think that this section is a violation of the State or National Constitution; or that it prevents any person from enjoying the inalienable rights of life and liberty, or acquiring, possessing, and protecting property, or pursuing and obtaining safety and happiness, as declared by the first section of the State Constitution; or that it has the effect of taking the property of the plaintiff for public use without compensation. The statute, while relieving the city from liability, affords an ample remedy against those whose acts or negligence were the cause of the injury; and there is evidently no violation of any constitutional right in such a provision.

The judgment is affirmed.