# Long v. City of Birmingham.

## Injuries to Fireman.

(Decided May 24, 1909.   49 South. 881.)

*Municipality Corporations; Governmental Duties; Servants of; Injuries to.*—A municipality is in the exercise of its governmental functions in maintaining a fire department, and so the doctrine or respondeat superior, does not apply; hence, a city is not liable for injuries to a fireman received in the performance of his duty and resulting from negligence in failing to provide a safe equipment or a safe place in which to work.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by W. T. Long, a fireman, against the mayor and aldermen of the city of Birmingham, for damages

for injuries sustained in falling from an extension ladder while in the performance of his duty. Judgment for defendant and plaintiff appeals. Affirmed.

GASTON & PETTUS, for appellant. The charter of the city is judicially noticed.—*Mayor of Wetumpka v. Wharf Co.*, 63 Ala. 611. Matters of judicial knowledge need not be stated in the pleadings.—12 Ency. P. & P. 1. The main question in this case is whether or not a municipal corporation is liable in damages to its paid fireman for injuries received in the discharge of his employment which proximately resulted from the negligence of the corporation, or its servants or agents. The following authorities answer the proposition in the affirmative.—2 Dillion's Mun. Corp. 761-764 and 766; 2 Lebatt M. & S. 2348; 28 Cyc. 1256; *Campbell v. City of Montgomery*, 53 Ala. 530; *Robidas v. Concord*, 61 L. R. A. 281; *Rowe v. Portsmouth*, 22 Am. Rep. 464. The Employer's Liability Act applies to municipal corporations except when engaged in the exercise of a governmental function.—1 Dresser's E. L. 68; 2 Lebatte M. & S. sec. 846; *City Council of Sheffield v. Harris*, 101 Ala. 574. The following authorities indicate that the maxim respondeat superior applies to the facts in this case.—2 Dillon sec. 974; 122 Mass 344; 72 Am. Dec. 302; 9 Hun. 401; 6 Cur Law 842; 31 Atl. 384; 6 Words & Phrases, 4943; 56 Pac. 795; 69 N. W. 914; 68 N. W. 629; 48 N. E. 803; 12 S. W. 922. For negligence in the performance of ministerial acts, a corporation is liable.—*Montgomery v. Gilmer*, 33 Ala. 116; *Troy v. Coleman*, 58 Ala. 570; *Arndt v. Cullman*, 132 Ala. 540.

R. H. THATCH, for appellee. The doctrine of respondeat superior has no application to the present case.—*Dargan v. Mayor of Mobile*, 31 Ala. 469; 2 Dil-

lon, sec. 976; 33 Wis. 314; 38 Conn. 225; Ib. 368; 104 Mass. 87; 1 Allen 172; 51 Me. 359; 52 Me. 118; 45 N. H. 214; 46 Pa. St. 213; 19 O. St. 19; 12 Ib. 375; 9 Mich. 165; 29 Ind 187; 25 Md. 107; 13 B. Monroe, 559; 44 Mo. 479; 21 Cal. 113. The extinguishment of fire is public and governmental.—13 A. & E. Ency of Law, 80; *Peterson v. Wilmington*, 130 N. C. 76; *Pattengill v. Chelsea*, 24 L. R. A. 426.

SAYRE, J.—The appellant was injured by falling from an extension ladder while in the performance of his duties as a fireman for the city of Birmingham. The complaint asserts the liability of the defendant corporation; several counts proceeding upon various sections of the employer's liability act, and others upon supposed derelictions of the city in furnishing to the appellant a safe place or safe instrumentalities in which and with which to perform his duties as a fireman. The court below sustained a demurrer to the complaint, which went upon the fundamental ground that in furnishing fire apparatus and operating its fire department the city was in the performance of a governmental duty, and so not responsible for the acts or omissions of its officers, agents, or employes, or responsible for defects in its apparatus. The demurrer was sustained, and this appeal followed.

The plaintiff's injury was sustained in October, 1906. The then charter of the city of Birmingham conferred upon it power to establish and maintain a fire department.—Loc. Acts 1898-99, p. 1412. It may be conceded that the employer's liability act applies to municipal corporations, except where such corporations are engaged in the discharge of governmental duties; that is to say, in the exercise of powers conferred for the general public good, as distinguished from those conferred for

the private advantage of the corporation. The line which marks the difference between powers conferred upon municipal corporations for the public good and those conferred for the private advantage of the corporation has never been drawn except in general terms. A good example of the efforts in that direction is to be found in *Richmond v. Long,* 17 Grat. (a.) 375, 94 Am. Dec. 461, where it is said: "The functions of such municipalities are obviously twofold: (1) Political, discretionary, and legislative, being such public franchises as are conferred upon them for the government of their inhabitants and the ordering of their public officers, and to be exercised solely for the public good, rather than for their special advantage; and (2) those ministerial, specified duties which are assumed in consideration of the privileges conferred by their charter. Within the sphere of the former, they are entitled to this exemption inasmuch as the corporation is a part of the government to that extent, its officers are public officers, and as such entitled to the protection of this principle; but within the sphere of the latter they drop the badges of their governmental offices and stand forth as the delegates of a private corporation in the exercise of private franchises, and amendable as such to the great fundamental doctrine of liability for the acts of their servants." Such general expressions afford but little aid in reaching a solution of any particular case. In *Bailey v. New York,* 3 Hill (N. Y.) 531, 38 Am. Dec. 669, it was observed that, "in order to determine whether powers exercised by a municipal corporation in a given instance be public or private, regard must be chiefly had to the object for which they were granted."

Nothing in the terms of the charter of the defendant municipality or in the general statutes settles the question. That the power, in the exercise of which munici-

pal corporations maintain and operate fire departments, is classed by the overwhelming weight of adjudicated cases as among those governmental powers which are granted for the public good, and so, as to it, municipal corporations accorded exemption from the general rule of respondeat superior, must depend upon considerations of a sound public policy, which would relieve them of the disadvantages and embarrassments of responsibility for those inevitable miscarriages which attend the performance of duties at once so difficult, so urgent, and so important. To hold otherwise, using the language of the court in *Foster v. Water Co..* 3 Lea (Tenn.) 48, "might well frighten our municipal corporations from assuming the startling risk" involved in the effort to protect themselves against fire. If the function is public and governmental at all, it must be so in every part. A somewhat careful research has disclosed only one case in which a municipal corporation has been held liable for the acts or omissions of firemen in the discharge of their duty or for negligence in the maintenance of fire apparatus. The weight of authority, as we have said, is to the contrary. We cite some of the cases in which it has been held that a municipal corporation, in maintaining and operating a fire department, is acting for the general public good and is not amenable to the general rule of respondeat superior. They proceed in various ways to an identical conclusion.— *Wilcox v. Chicago,* 107 Ill. 334, 47 Am. Rep. 434; *Welsh v. Rutland,* 56 Vt. 228, 48 Am. Rep. 762; *Hayes v. Oshkosh,* 33 Wis. 314, 14 Am. Rep. 760; *Fisher v. Boston,* 104 Mass. 87, 6 Am. Rep. 196; *Edgerly v. Concord,* 50 N. H. 78; *Burrill v. Augusta,* 78 Me. 118, 3 Atl. 177, 57 Am. Rep. 788; *Hafford v. New Bedford,* 16 Gray (Mass.) 297; *Jewett v. New Haven,* 38 Con.. 368, 9 Am. Rep. 382; *Queenwood v. Louisville,* 13 Bush (Ky) 226,

26 Am. Rep. 263; *Alexander v. Vicksburg,* 68 Miss. 564, 10 South. 62; *Peterson v. Wilmington,* 130 N. C. 76, 40 S. E. 853, 56 L. R. A. 959; *Wheeler v. Cincinnati,* 19 Ohio St. 19, 2 Am. Rep. 368; *Davis v. Lebanon,* 108 Ky. 688, 57 S. W. 471; *Brinkmeyer v. Evansville,* 29 Ind. 187; *Wild v. Peterson,* 47 N. J. Law, 406 1 Atl. 490; *Irvine v. Chattanooga,* 101 Tenn. 291, 47 S. W. 419; *Kies v. Erie,* 135 Pa. 144, 19 Atl. 942, 20 Am. St. Rep. 867; *Howard v. San Francisco,* 51 Cal. 52; *Torbush v. Norwich,* 38 Conn. 225; *Smith v. Rochester,* 76 N. Y. 506; *Robinson v. Evansville,* 87 Ind. 334, 44 Am. Rep. 770; *Grube v. St. Paul,* 34 Minn. 402, 26 N. W. 228; *Mayor v. Workman,* 67 Fed. 347, 14 C. C. A. 530.

Affirmed.

DOWDELL, C. J., and ANDERSON and McCLELLAN, JJ., concur.