[City of Birmingham v. Stevens & Kerr.]

# City of Birmingham *v.* Stevens & Kerr.

## *Action to Recover Price of Whisky Seized Under Injunction.*

(Decided May 12, 1910. 52 South. 590.)

1. *Municipal Corporations; Ordinances; Powers.*—A municipal corporation can exercise only such powers as are clearly comprehended in the charter grant, or necessarily imply therefrom or incidental to the object and purpose of the corporation; hence, a city may not adopt an ordinance providing for the seizure and destruction of intoxicating liquors held for unlawful purposes, unless specially authorized so to do by the legislature.

2. *Same; Ordinances.*—Section 1251, Code 1907, does not authorize a city to seize and destroy intoxicating liquors held for unlawful purposes, although the owners thereof have been convicted of violating the prohibition law.

3. *Same; Intoxicating Liquors.*—Where a city has seized and destroyed intoxicating liquors held for unlawful purposes under claim of right on the grounds the owners thereof had been convicted of violating the prohibition law, the city cannot justify such act on the ground that section 1278, Code 1907 gives it a right to abate nuisances.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by Stevens & Kerr against the city of Birmingham to recover the value of intoxicating liquors seized by the city and destroyed. Judgment for plaintiff and defendant appeals. Affirmed.

R. H. THACH, for appellant. The city had the authority to pass the ordinance providing for the seizure and destruction of liquor kept for unlawful purposes.—17 A. & E. Enc. of Law, 219; 29 Conn. 488; 58 Vt. 163; McQuillman on Munic. Ord. sec. 14; Sec. 1251, Code 1907. An article used for an unlawful purpose and in violation of law is per se a nuisance.—*M. & A. of Mobile v. Yuille,* 3 Ala. 138; *Santo v. The State,* 63 Am. Dec. 143.

ULLMAN & WINKLER, for appellee. The power of the state and the power of the municipality are greatly different, the one being liberally construed and the other strictly construed, and in case of municipality a reasonable doubt will be resolved against the grant.—*Ex parte Mayor, etc., v. Grant,* 78 Ala. 419; 28 Cyc. 265. Section 1251, Code 1907, does not confer the powers here sought to be exercised.—*City of Bessemer v. Eidge,* in MSS; *City of Birmingham v. French,* in MSS.

ANDERSON, J.—As stated in brief of counsel for the appellant, the only question to be considered upon this appeal is the validity of an ordinance, set up in the special plea, in so far as it provides for a seizure and destruction of liquor held for unlawful purposes. Whether the state has the right to seize and destroy we need not decide, as the city would not have the right to do so, unless authorized by the Legislature, even if the right existed in the state. It is a well-established principle that municipal corporations can exercise only such powers as are clearly comprehended in the grant, or necessarily implied, or that may be incidental to the purpose and object of the corporation.—*Ex parte Mayor of Florence,* 78 Ala. 419. Section 1251 of the Code of 1907 authorizes municipal corporations to adopt ordinances not inconsistent with the laws of the state, and to provide for the safety, promote the health, etc., of the inhabitants, and to enforce obedience to such ordinances by fine not exceeding $100 and by imprisonment or hard labor not exceeding six months, one or both. It is clear that the city derives no right to seize and destroy property under this section as a punishment for violating its ordinances, or to enforce obedience thereto, as the only right to punish is fixed by fine and imprisonment, one or both.

[City of Birmingham v. Stevens & Kerr.]

It is further insisted that section 1278 of the Code of 1907 gave the city the right to abate nuisances, and that the liquor was kept for unlawful purposes, and was therefore a nuisance per se. Whether it was or was not a nuisance, or the city would have the right to abate same summarily, and to destroy the property, upon that theory, which may be doubtful (29 Cyc. 1218), we need not decide, as the plea in question proceeds upon the idea that the defendant had the right to destroy the liquor because the plaintiff had been convicted for violating the prohibition law. The maintenance of a nuisance and the right to abate the same, and to summarily destroy the liquor in order to do so, is foreign to the said plea.

We have considered the only point argued and insisted upon in brief of counsel for appellant, and in disposing of same we do not wish to be understood as holding that the city would be liable for the acts of its officials in the enforcement of a void ordinance.—20 Am. & Eng. Ency. of Law, p. 1195. The action of the trial court, however, in rendering judgment for the plaintiff upon the facts, is not urged as error in brief of counsel.

The judgment of the city court is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.