# Darby v. City of Union Springs.

## Damages for Death at Municipal Plant.

(Decided Feb. 2, 1911.   Rehearing denied June 27, 1911.
55 South. 889.)

1. *Evidence; Judicial Notice Special Acts.*—The courts take judicial notice of public acts, local as to territory, creating municipal corporations or amending their charters, and that a particular municipality was created by several local acts which impliedly, if not expressly, authorized it to own and operate electric lighting plants.

2. *Municipal Corporation; Acts in Private Capacity; Maintaining Electric Light Plant.*—Under Local Acts, 1892-3, p. 231, and Local Acts 1894-5, p. 938, the town of Union Springs was authorized to own and operate an electric lighting plant so as to render it liable for the negligence of its servants or agents, by reason of which an uninsulated guy wire was permitted to become heavily charged with electricity resulting in the death of the child who came in contact therewith.

APPEAL from Bullock Circuit Court.

Heard before Hon. A. A. EVANS.

Action by Ida L. Darby as administratrix, against the City of Union Springs for damages for the death of her minor child, caused by coming in contact with a

heavily charged electric wire. Judgment for the defendant and plaintiff appeals. Reversed and remanded.

ERNEST L. BLUE, for appellant. The municipal Code act did not go into effect until September, 1908.—45 South. 638. Under the authority of its several charters the city of Union Springs had authority to own, maintain and operate an electric lighting plant, and this authority rendered it liable for the negligence of its servants and agents which results in injury to others.—24 Ala. 112; 60 Ala. 486; 111 Ala. 337; 112 Ala. 105; 113 Ala. 365; 132 Ala.. 546; 11 L. R. A. (N. S.) 449; 7 L. R. A. (N. S.) 294; 15 Cyc. 466; 14 L. R .A. ₁N. S.) 268; 101 Am. St. Rep. 825; 146 U. S. 258; 200 U. S. 22; 28 Cyc. 615; Acts 1903, p. 59. The complaint sufficiently alleged constructive notice or knowledge of the defective condition of the wire.—86 Am. St. Rep. 732; 49 *Ib.,* 477; 85 *Ib.,* 735; 43 *Ib.,* 30; 100 *Ib.,* 505; 2 N. J. L. 451. .

RAY RUSHTON, L. M. MOSELY, J. D. NORMAN, and WILLIAM M. WILLIAMS, for appellee. *The assignments of error by appellant are too general, and do not conform to Rule 1 of the Supreme Court Practice. For that reason the judgment should be affirmed.—Williams v. Coosa Mfg. Co.,* 138 Ala. . 73; *Glover v. Lyons,* 57 Ala. 3 5; *Alexander v. Rhea,* 50 Ala. 403. *The demurrers based on the theory of ultra vires were properly sustained.* It is well settled that neither the officers, nor servants nor agents of a municipal corporation can incur any liability, on the part of the city, either in contract or tort, when the act complained of is not authorized by the corporation's charter.—*Posey v. Town of North Birmingham,* 154 Ala. 511, and cases cited; *Albany v. Conniff,* 2 N. Y. 165; *Borland v. City of New York,* 1 Sandf. (N. Y.) 27; *Morrison v. City of Lawrence,* 98 Mass. 219. And it is also well settled that the

[Darby v. City of Union Springs.]

charters of municipal corporations are to be strictly construed, and any reasonable doubt concerning the existence of power is resolved by the courts against the corporation, and the power is denied.—*City of Eufaula v. McNabb*, 67 Ala. 588, 589; *Birmingham, &c, v. Birmingham Ry.*, 79 Ala. 465, 471; *Posey v. Town of North Birmingham*, 154 Ala. 511, 515, and cases therein cited. It might here be noted that neither of the Acts, above referred to, purports to be an amendment to the charter of Union Springs. Courts take judicial knowledge of the charter of a municipal corporation (*City Council of Montgomery v. Wright*, 72 Ala. 411, and cases there cited). This failure to embody in the Acts the *direct* and *expressed* authority to "erect and maintain," and to so frame these Acts as to be amendments to the charter, are quite significant, and lead only to the conclusion that the intention to grant to the city the right to *operate* a plant was not only absent from the minds of the legislators who passed the bill, but also that there was no such intention. *The demurrers based on the theory that the failure of the city to keep the wires in a safe condition was the breach of a governmental and not a ministerial duty, and that there was no law authorizing a private action against the city, or requiring the city to keep the wires in repair or safe condition, were properly sustained.* The duties enjoined upon it by law are enjoined upon it as a part of government, and not otherwise. They are, therefore, public in nature,—duties to the State,—and not to private persons.—*Campbell v. City Council*, 53 Ala.. 528; *City Council of Montgomery v. Gilmer*, 33 Ala.. 116, 131; *Borland v. City of New York*, 1 Sandf. (N. Y.) 27. The gist of each count of the complaint in the case at bar, is the breach of the city's duty to the general public in failing to keep the wires repaired and in safe condition. The charter of Union Springs (Laws 1869-70,

p. 276) does not, and we have been unable to find any law that does, require the city to keep the wires in repair. In the absence of any law requiring the city to repair these wires, or a law authorizing an action by a private individual against the city for such failure, we submit, the duty, if any at all, was merely that of police regulation, or a governmental function, the breach of which fastened no liability on the city.—See extensive note and numerous cases cited and digested, 13 L. R. A. (N. S.) 1219. And the appellant can receive no comfort from Code, Section 2486, for a suit is permissible under that section only when the intestate could have maintained an action for the same act or omission had he lived.—*S. & N. R. R. Co. v. Sullivan*, 59 Ala. 272, 281; *Sharman, Admr. v. Jefferson County*, 125 Ala. 384. *The demurrers based on the theory that the averments of the complaint failed to allege that the city had knowledge of the alleged unsafe condition of the wires or that this condition had existed a sufficient length of time under such circumstances that the city could be said in law to have constructive knowledge thereof, were properly sustained.—Town of Cullman v. Mc-Mims*, 109 Ala. 614; *City Council v. Wright*, 72 Ala. 411; *Davis v. Alexander City*, 137 Ala. 206, 209. *The demurrers based on the theory that plaintiff's intestate at the time he was injured was not using the street for ordinary purposes of travel, and was at that time engaged in childish play therein, were properly sustained.* It has been many times decided, in different jurisdictions, when an injury happens to a child by reason of a defect in or an unsafe condition of a public street, and the child was at the time using the street for play, that the child loses his rights as a traveler or passer by or along the street, and the city whose duty it was to keep the street in a safe condition, is not liable.—*Tighe v. City of Lowell*, 119 Mass. 472; *Blodgett v. City of*

[Darby v. City of Union Springs.]

*Boston,* 8 Allen, 237; *Gaughan v. City of Philadelphia,* 119 Pa. St. 503, 507; *Bridge Co. v. Jackson,* 114 Pa. St. 321, 327; *Stinson v. Gardiner,* 42 Me. 228; *Lyons v. Brookline,* 119 Mass. 491.

MAYFIELD, J.—This action is brought, under the homicide statute, against the appellee, a municipal corporation.

The deceased was plaintiff's minor child, nine years of age.

The complaint was evidently modeled after forms often approved by this court as sufficient in all respects, except as to certain alleged defects pointed out by the demurrer, to be hereafter noticed specifically.

The complaint in short, among other things, alleged that the defendant municipal corporation, on and before the date of the alleged wrongful death of plaintiff's intestate, "owned and was engaged in operating an electric light plant, and lines of electric wires," and that it also attached an uninsulated guy wire to its electric poles used in this business, so as to be dangerous to the public, and allowed the same to remain in this dangerous condition; and that plaintiff's intestate, a boy nine years of age, came in contact with said wire, which, owing to the defendant's negligence, had become heavily charged with electricity, and was thereby wrongfully killed.

The city demurred to the complaint on the grounds: First, because the court judicially knows that the defendant had no legislative authority for operating an electric light plant and lines of electric light wires; second, because the defendant's charter did not authorize it to so operate such plant and wires; third, because the court judicially knows that there is no statute making it the duty of said municipality to keep such wires in good condition. There were various other grounds

alleged; but they need not be considered, as they were without merit, or were overruled by the trial court.

From the judgment sustaining the demurrer (or demurrers, as they seem to have been treated), the plaintiff, under the statute for such cases provided, took a nonsuit with a bill of exceptions, in order to review such adverse rulings of the trial court. In this ruling upon the demurrer we are of the opinion that the trial court was in error. The ruling of the trial court was probably based upon a former decision of this court, in the case of *Posey v. North Birmingham,* 154 Ala. 511, 45 South. 663, 15 L. R. A. (N. S.) 711. However, that case is clearly distinguishable from this. While they are identical in many—nearly all—respects, they are different in one; and it was with sole reference to this one that the decision in that case was based. That decision concludes as follows: "Our conclusion is that the defendant municipality had not the power under the general statute, which contained all of its charter powers, to engage in the operation of an electric lighting plant. It follows that the act complained of was ultra vires the corporation, and the resulting injury fixed upon it no liability."

In this case we do not judicially know that defendant corporation was incorporated under the general statutes, or that such statute contained all its charter powers, and therefore conclude that it had no power to engage in the operation of an electric plant.

On the other hand, we take judicial notice of such public acts, though local as to territory, such acts creating municipal corporations or amending their charters, and we know that the defendant corporation's charter was created under several local acts of the Legislature, which impliedly, if not expressly, authorized it to own and operate electric light plants.

The charter powers of the defendant, prior to the new Municipal Code, are to be found in the various lo-

cal acts of the Legislature passed since the 1st day of March, 1870, at which time a new charter was established by such act (Acts 1869-70, p. 276 et seq.), which act or charter has been many times amended by other local acts. Save the local acts of 1892-93 (page 231) and 1894-95 (page 938), all these amendatory acts are unnecessary to be here mentioned. But these specified acts authorize the city to erect and maintain an electric light plant. This, we think, implies the authority to own and operate such plant, in such manner as to render it liable for the negligence of its servants or agents when engaged in the line and scope of their authority, as is alleged in this complaint. In fact, this much was expressly decided in *Posey's Case, supra,* in which the court, speaking through DOWDELL, J. (now Chief Justice), said: "It seems to be settled as authority, where a municipal corporation, acting within its charter powers, maintains and operates an electric lighting plant, the corporation may be held for the negligence of its servants or agents as any other person.— *Fisher v. Newbern,* 140 N. C. 506, 53 S. E. 342, 5 L.. R. A. (N. S.) 541, 111 Am. St. Rep. 857; *Owensboro v. Knox,* 116 Ky. 451, 76 S. W. 191; *Emory v. Philadelphia,* 208 Pa. 492, 57 Atl. 977; *Herron v. Pittsburg,* 204 Pa. 509, 54 Atl. 311, 93 Am. St. Rep. 798; *Twist v. Rochester,* 165 N. Y. 619, 59 N. E. 1131; *Emporian v. Burns,* 67 Kan. 523, 73 Pa. 94. See, also, note to *Herbert v. Lake Charles Ice Co.,* 100 Am. St. Rep. 535."

It follows, therefore, that the court erred in sustaining the demurrer to the complaint.

The writer, however, does not desire to commit himself to the conclusions reached in the *Posey Case, supra,* upon which that case was affirmed, thus sustaining demurrers to a complaint like the complaint in this case, save as to the authority or power of the two corporations. While, as before stated, it is not in conflict with

[Darby v. City of Union Springs.]

the decision in this case, but is authority for it, yet, as it was relied upon by the trial court, and is cited and twice quoted in this case, the writer does not desire to be understood as agreeing to the conclusion in that case in so far as it held that the town of North Birmingham, organized as it was, under the general laws of the state, had no authority to own or operate an electric light plant. He thinks that municipal corporations have the inherent power to light their streets and public buildings. This power is essential to their declared objects and purposes; and, having this power and authority, it is a matter of discretion and expediency as to how they will light them—whether by pine knots, candles, lamps, natural or artificial gas, gasoline, acetylene, or electricity.

Reversed and remanded. All the Justices concur in the conclusion.