# City of Bessemer *v.* Whaley.

### *Damage for Injury from Defective Street.*

(Decided April 23, 1913.   Rehearing denied May 14, 1913.
62 South. 473.)

1. *Municipal Corporation; Governmental Acts; Corporate Purposes.*
—In the exercise of political or governmental functions, no liability
attaches to municipal corporations at the common law, either for
misuser or non-user of power, or of its officer or its agent in per-
forming these functions, but in the exercise of its purely municipal
or corporate functions, it stands on the same footing as other cor-
porations.

2. *Same; Torts; Nuisance; Fruit Stands.*—The word "work" as
used in section 1273, Code 1907, means that while engaged in manual
labor, or in discharging ministerial duties in the execution of cor-
porate acts, or in carrying out some public improvement, and hence,
does not apply to a failure to pass an ordinance to abate a nuisance,
or a failure to enforce it after it was enacted.  So that a municipality
is not liable to one who slipped on a banana peel on a sidewalk
alleged to be there because the city permitted fruit stands on the
walk, and did not prevent the littering of the walk with such refuse.

3. *Same; Sidewalks; Defects.*—The habitual dropping and accum-
ulation of banana peels and other refuse on a sidewalk from fruit
stands is not a defect within section 1273, Code 1907, making a
city liable for injuries from defects in public ways, called to the
attention of the city government or existing for an unreasonable
time.

4. *Same; Streets; Statutes.*—The duty of a city to keep its streets in a reasonably safe condition, being statutory, it is competent for the legislature to limit the city's liability for failure to discharge their duty.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by Mrs. S. B. Whaley against the city of Bessemer for damages for injury from an alleged defect in the streets of said city. Judgment for plaintiff and defendant appeals. Reversed and remanded.

L. HERBERT ETHRIDGE, for appellant. There could be no recovery against the apepllant for a failure to enact an ordinance, or to carry out its governmental duties. —Dillon Munic. Corp. sec. 1627-8; 28 Cyc. 1257. A recovery was not authorized under section 1273, Code 1907. There was no defect in the street, and therefore, none in the way itself.—*K. C. M. & B. v. Burton,* 97 Ala. 240. There is no doubt about the constitutionality of section 1273, Code 1907.—*Lovejoy v. City of Montgomery,* 61 South. 597; *Davis v. State,* 68 Ala. 58; *State ex rel. Meyer v. Greene,* 154 Ala. 254; *City of Mobile v. Bd. of Rev.,* 61 South. 368; *City of Mobile v. Webster,* 59 South. 185. The Legislature may exempt a municipality from liability for non-feasance or misfeasance of its officers.—28 Cyc. 1265; 28 Cyc. 1291, and 1299; Dillon Mun. Corp. sec. 1627-1629.

ESTES, JONES & WELCH, for appellee. The public is entitled to the use of the entire width of the street and sidewalk, and any obstruction or encroachment constitutes a nuisance, therefore, a defect.—*Castello v. State,* 108 Ala. 45. There was no error in sustaining demurrers to defendant's pleas 4, 5 and 6, as they did not set up facts constituting contributory negligence. The court properly permitted it to be shown that banana

peels and other refuse was allowed to collect on the sidewalk in unusual quantities.—*B. R. L. & P. Co. v. Hinton,* 37 South. 635; *Sherrill v. L. & N.,* 38 South. Counsel discuss other assignments of error relative to evidence, but without further citation of authority. The Bessemer code makes it the duty of the police officer to look out for obstructions and nuisances on the sidewalk, and notice to them was notice to the city.— *Bradford v. Anniston,* 92 Ala. 349; 89 Mo. 208; 91 N. Y. 137.

THOMAS, J.—The general rule, established by judicial decision, for measuring the liability and immunity of municipal corporations to and from civil actions for torts is thus clearly and succinctly stated in 28 Cyc. p. 1257, where the authorities are collated, to wit:

"A municipal corporation has a dual character, the one public and the other private, and exercises correspondingly twofold functions and duties. The one class of its powers is of a public and general character, to be exercised in virtue of certain attributes of sovereignty delegated to it, as a governmental agency, for the welfare and protection of its inhabitants or the general public; the other relates only to special or private corporate purposes, for the accomplishment of which it, like private corporations, acts, not through its public officers as such, but through agents or servants employed by it. In the former case its functions are political and governmental, and no liability attaches to it at common law, either for nonuser or misuser of the power or for the acts or omissions on the part of its officers or the agents through whom such governmental functions are performed or the servants employed by such agencies. In its second character above mentioned (that is, in the exercise of its purely municipal or corporate func-

tions, or the doing of those things which relate to special or private corporate purposes), the corporation stands upon the same footing with a private corporation, and will be held to the same responsibility with a private corporation for injuries resulting from its negligence, and will be liable for the torts of its officers, agents, or employees acting within the scope of such municipal power, or of the servants employed by such officers." See, also, *Goodwin v. Reidsville,* (N. C.) 76 S. E. 233, giving instances of liability and nonliability. "The principal difficulty which courts have experienced has been in ascertaining, clearly and accurately, the line of demarcation between public or governmental duties and private or corporate duties, and not in the determination of the question whether, for the refusal to discharge a public duty, or the manner in which it is discharged, the corporation is or is not liable." See, also, *Long v. Birmingham,* 161 Ala. 427, 49 South. 881, 18 Ann. Cas. 507.

As instances of the application of this doctrine of the nonliability of municipal corporations for failure to discharge a public duty, or for negligence in its discharge, our Supreme Court have held that a city is not liable for failure to abate a nuisance. (*Davis v. Montgomery,* 51 Ala. 139, 23 Am. Rep. 545) ; nor for failure to protect a citizen from the violence of a mob, although the police by diligent discharge of duty could have done so (*Campbell v. Montgomery,* 53 Ala. 527, 25 Am. Rep. 656) ; nor for the negligence of a police officer in killing a slave, while the former was engaged in an attempt to arrest another person (*Dargan v. Mobile,* 31 Ala. 471, 70 Am. Dec. 505) ; nor for negligent failure to provide a fireman, employed by it in the maintenance of a fire department, a safe equipment with which to work (*Long v. Birmingham,* 161 Ala. 427, 49 South. 881, 18

Ann. Cas. 507). However, if the public duty is express-
ly or impliedly enjoined by statute upon the municipal-
ity (that is, the discharge of it is not left discretionary
with it), the city is liable for a failure to discharge
the duty, although it is one of a public character. For
instance, where a statute or the charter of a city im-
poses upon it the duty of keeping its streets in repair,
it is liable to one who has sutained injury as a result
of its neglect to do so.—*Smoot v. Wetumpka,* 24 Ala.
117; *Albrittin v. Huntsville,* 60 Ala. 486, 31 Am. Rep.
46; *City of Selma v. Perkins,* 68 Ala. 145. It has been
also held that even where a public duty is not imposed
by statute, but left discretionary with the municipality,
yet, if the discretion or legislative judgment is exer-
cised in favor of executing the power conferred by the
charter, then in the mere execution of the work or
maintenance of the institution, devised and constructed
in pursuance of such legislative and judicial action, the
agents and employees of the city act ministerially and
the municipality is liable for injuries sustained as the
result of their negligence in the performance of such
ministerial powers.—*Bowden v. Kansas City,* 69 Kan.
597, 77 Pac. 573, 66 L. R. A. 181, 105 Am. St. Rep. 187,
1 Ann. Cas. 955; *Montgomery v. Gilmer,* 33 Ala. 130, 70
Am. Dec. 562; *Birmingham v. Starr,* 112 Ala. 104, 20
South. 424; *Sheffield v. Harris,* 101 Ala. 569, 14 South.
357. But see *Long v. Birmingham,* 161 Ala. 427, 49
South. 881, 18 Ann. Cas. 507.

"Among the private or corporate acts for negligence
in the performance of which on the part of its officers
or agents a municipality is held liable, are acts which
have relation to the management of the corporate or
private concerns of a municipality, from which it de-
rives special or immediate profit or advantage as a cor-
poration, or for the acts or negligence in the exercise of

corporate powers and duties for the peculiar benefit of the corporation in its local or special interest, which, of course, includes the management of property for private gain, or the engaging in any profit-making enterprise, although the property may be used partly for public purposes and the profit or advantage inures ultimately to the benefit of the public."—28 Cyc. 1263.

For instance, our Supreme Court has held that a city engaged in operating an electric light plant, if authorized thereto by its charter, is liable for the negligence of its servants in leaving an electric wire exposed with which a person came in contact and was injured.— *Darby v. Union Springs,* 173 Ala. 709, 55 South. 889.

We have engaged in these preliminary observations in order that a clearer view and understanding may be obtained of the meaning of the recent statute enacted in this state, which fixes, defines, and limits the liability of municipalities for torts. It supersedes the authority of judicial decisions, and these need not concern us, except in so far as they may be looked to as an aid in interpreting the statute. That statute (Code, § 1273) thus reads: "No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless said injury or wrong was done or suffered through the neglect, carelessness, or unskillfulness of some agent, officer, or employee of the municipality engaged in work therefor and while acting in the line of his duty, or unless the said injury or wrong was done or suffered through the neglect, carelessness, or failure to remedy some defect in the streets, alleys, public ways, or buildings after the same had been called to the attention of the council, or after the same had existed for such unreasonable length of time as to raise a presumption of knowledge of such defect on the part of the council."

The present is a suit by the plaintiff (appellee here) against the city of Bessemer (appellant) for alleged injuries received as a result of slipping on a banana peeling and thereby falling to the sidewalk of said city. The complaint contains four counts. The first two are substantially the same and are based upon the alleged negligence of defendant in failing to discharge an alleged duty to plaintiff, as a pedestrian, of using due and reasonable care, skill, and diligence in watching over and keeping said sidewalk, at the place where plaintiff slipped and was injured, clear and free of refuse vegetable matter, such as banana peelings and like substances; each of said counts also alleging that defendant suffered or allowed said sidewalk to be and remain with such refuse vegetable matter, banana peelings, and like substances upon it for an unreasonable length of time prior to plaintiff's injury, and that defendant had notice of such condition of said sidewalk. The third count is predicated upon the negligent failure of the city to discharge the alleged duty to keep the sidewalk in a reasonably safe condition for the use of the traveling public in walking along the same in that for a long time prior to the date of the injury defendant permitted or allowed said sidewalk, at the place of the injury, to become dangerous as a walkway by knowingly or unlawfully maintaining at such place, or permitting to be there maintained, certain nuisances, to wit: "The daily and habitual accumulation upon said sidewalk of obstructions, such as discarded fruit peels, banana peels, decayed vegetable matter, and other loose substances, to the great danger of those using the sidewalk as a walkway, which danger was increased by reason of the fact that the surface of the sidewalk was of concrete material, smooth, and easily made slippery by the accumulation of such substances," etc. The

fourth count is the same as the third, except the wrong alleged against the city consists in its alleged knowingly permitting said sidewalk, at the place of the injury, "to be unlawfully used and occupied by persons who were displaying and selling bananas, apples, oranges, and other fruits, as well as vegetables, among other things, on said sidewalk at said place, and that as a natural outcome and proximate result of said use of said sidewalk, which plaintiff avers was a nuisance, there was a daily regular, and habitual accumulation upon said sidewalk of obstructions, such as discarded fruit peels, old banana peels, rinds, decayed vegetable mater, and other loose substances, to the great danger of those using said sidewalk as a walkway, increased on account of the fact that the sidewalk was made of concrete material and its surface therefore smooth."

A demurrer was filed to the complaint, containing numerous assignments of defects therein, a great many of which raised merely the same point in different verbiage. All were overruled, and after trial and judgment for plaintiff defendant appeals, assigning as error here, among others, the overruling of his demurrers. We need consider here, however, only the first ground, since upon it, under our view of the law, the case may be entirely disposed of, as the complaint must fall when tested by it alone. This ground raises the proposition that the complaint fails to state a cause of action because (following the language of the statute we have just quoted) it fails to show that the injuries complained of were suffered either as the result of the negligence. carelessness, or unskillfulness of some agent, officer, or employee of defendant, engaged in work therefor, and while acting in the line of his duties, or as the result of the negligence, carelessness, or failure of defendant city to remedy some defect in its streets, alleys, or public

buildings, after such defect had been called to the attention of the council, or had existed for such unreasonable length of time as to raise a presumption of a knowledge on their part of the existence of such a defect.

Plaintiff's injury, as set forth in the complaint, in our opinion, was neither the result of negligence, carelessness, or unskillfulness on the part of defendant's agents, officers, or employees engaged in "work" therefor, nor of a "defect" in its streets or sidewalks, within the contemplation of the meaning of the terms "work" and "defect," as used in the statute we have quoted. The character of "work" to which the statute has reference is work of the servants or officers of a municipality while engaged in the performance of manual labor or in discharging ministerial duties therefor in the execution of its private or corporate acts, or in carrying out some public improvements or works entered upon by it, as contradistinguished from services performed by its officers in discharging the governmental duties of the corporation. The abatement of a nuisance belongs to the latter class, and the municipality is liable neither for a failure of its legislative officers to pass ordinances defining and prohibiting the maintenance of nuisances on its sidewalks or prohibiting the dropping of banana peelings, etc., on the sidewalk, nor for a failure of its executive officers to enforce such ordinances when passed. These are essentially governmental functions (a part of the police power of the city), for the nonfeasance or misfeasance of its officers in performing which a municipality was not liable before the statute, and certainly is not liable since the statute, which was clearly designed to limit rather than enlarge the scope of municipal liability for torts.—28 Cyc. 1291, 1356, 1289; *Davis v. Montgomery,* 51 Ala. 139, 23 Am. Rep. 545; *Dargan v. Mobile,* 31 Ala. 469, 70 Am. Dec. 505; *Camp-*

*bell v. Montgomery,* 53 Ala. 527, 25 Am. Rep. 656; *Long v. Birmingham,* 161 Ala. 427, 49 South. 881, 18 Ann. Cas. 507; *Birmingham v. Stevens & Kerr,* 167 Ala. 668, 52 South. 590; *Smoot v. Wetumpka,* 24 Ala. 117; *Goodwin v. Reidsville* (N. C.) 76 S. E. 233; *Addington v. Littleton,* 50 Colo. 623, 115 Pac. 897, 34 L. R. A. (N. S.) 1012, Ann. Cas. 1912C, 753. Hence no right of action in this case can be grounded upon the failure of the officers of the city to abate, or for knowingly and negligently suffering or permitting the maintenance on the sidewalk of, the nuisance complained of, assuming that in law it was such.—Authorities, supra.

Lastly, then, we are to consider the question as to whether or not the habitual dropping and accumulation on the sidewalk of banana peelings, peanut hulls, decayed cabbage leaves, etc., is a "defect" in the street within the contemplation of that word as employed in section 1273 of the Code, which we have cited. "Defect," as we understand the meaning of the word as here used, has reference to some fault inherent in the way itself, either in its construction, improvement, or repair, or the condition in which it is maintained, and not to something which is foreign and incidental only, or to some obstruction which is permanent as opposed to that which is transient merely. This is the construction which that term, as used in the employer's liability act, has received by our Supreme Court. That statute (Code, § 3910, subd. 1) makes the employer liable (quoting the statute) "when the injury is caused by reason of any defect in the condition of the ways, works, machinery, or plant, connected with or used in the business of the master." In the construction of this statute our Supreme Court have repeatedly held that foreign bodies or substances on or dangerously near the track of a railway, not permanent or inhering in, but of a trans-

ient or recurrent character, are not defects in the con-
dition of the tracks. For instance, in *L. & N. R. R. Co.
v. Bouldin,* 110 Ala. 198, 20 South. 329, it is said: "It
is clear  *  *  *  that the count is not good under
that subdivision [1 on the employer's liability act], be-
cause it shows that the oil box was a foreign substance,
having no other connection or relation with or to the
track than arose from its having been left in danger-
ous proximity thereto, and hence was not a defect in
the condition of the track." See, also, *So. Ry. Co. v.
Shook,* 150 Ala. 364, 43 South. 579; *K. C. M. & B. R.
R. Co. v. Burton,* 97 Ala. 240, 12 South. 88. On the
other hand, it has been held that a rock in the side of
a railroad cut, projecting far enough to endanger brake-
men in the discharge of their duties while ascending or
descending ladders on the outside of passing cars,
though not far enough to touch the cars, is a defect in
the roadway for which the railroad company is liable.
—*Ga. Pac. Ry. Co. v. Davis,* 92 Ala. 301, 9 South. 252,
25 Am. St. Rep. 47. The distinction, as seen, between
the two cases is that one obstruction is transient and
the other permanent, inhering in the way itself.

The duty of a city with regard to keeping its streets
in repair and in a reasonably safe condition for travel
is a public or governmental duty, and as hereinbefore
pointed out, in the absence of a statute, expressly or im-
pliedly, imposing such duty on the municipality, it is
not liable for a failure to discharge it to one injured in
consequence of such failure.—Authorities, supra. And
even when the statute imposes on the city such a duty,
it is competent for the Legislature (the same body
which created the duty) to relieve of or limit the lia-
bility for a failure to discharge it.—*Parsons v. San
Francisco,* 23 Cal. 462; *Birmingham v. Starr,* 112 Ala.
104, 20 South. 424; 28 Cyc. 1265, 1243.

In this state, we have observed, the statute limits the liability to injuries resulting from "defects" in the streets, etc., and we think it clear that the condition complained of here is not such a defect as is contemplated. In speaking of a similar statute the Supreme Court of California, in *Parsons v. City of San Francisco,* 23 Cal. 462, 465, say: "We do not think that this section is a violation of the state or national Constitution; or that it prevents any person from enjoying the inalienable rights of life and liberty, or acquiring, possessing, and protecting property, or pursuing and obtaining safety and happiness, as declared by the first section of the state Constitution; or that it has the effect of taking the property of plaintiff for public use without compensation. The statute, while relieving the city [a public agency] from liability, affords an ample remedy against those [private persons] whose acts or negligence were the cause of the injury; and there is evidently no violation of any constitutional right in such a provision."

The plaintiff urges upon our consideration two cases (*Garibaldi v. O'Connor,* 210 Ill. 284, 71 N. E. 379, 66 L. R. A. 73, and *Archer v. Johnson City* [Tenn.] 64 S. W. 474), upon which the present complaint is evidently grounded, and which as to the facts are almost identical with the case stated in the complaint, but neither of which conflicts in point of law with what we have herein held. The first case mentioned was a suit against the private persons who created the nuisance, and they were not inconsistently with what we have decided, held liable. The second case, while against the municipality itself, was yet predicated upon a statute which imposed upon the city the duty of "keeping its streets in a reasonably safe condition for the traveling public," while the statute we are considering relieves of liability, ex-

cept for "defects" in the streets, etc. For another interesting case in this connection, see *Goodwin v. Reidsville*, (N. C.) 76 S. E. 233.

The judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.