71 So.2d 793

JOHNSON v. CITY OF OPELIKA.

5 Div. 574.

Supreme Court of Alabama.

March 25, 1954.

Walter B. Venters, Opelika, for appellant.

McKee & Maye, Opelika, for appellee.

SIMPSON, Justice.

Tort action by plaintiff against defendant, a municipal corporation, for personal injuries. The complaint consisted of two counts. Defendant's demurrer being over-ruled, the case was tried to the jury on the pleas of the general issue and contributory negligence. At the conclusion of the evidence, the trial court, at the request of the defendant, directed a verdict in its favor and a judgment for the defendant was entered accordingly. The plaintiff appeals.

Reviewing the evidence in the light most favorable to the plaintiff, as we must do, Sullivan v. Alabama Power Co., 246 Ala. 262, 20 So.2d 224, we have concluded direction of the verdict for the defendant was improper and that the judgment must be reversed and the cause remanded.

The evidence for the plaintiff tended to show the following: On May 5, 1951, about 9:30 P.M. the plaintiff, carrying packages in his arms, was walking home on a dirt sidewalk of Geneva Street located in Opelika, Alabama; the sidewalk was open to the general public and people traversed it daily; the plaintiff, walking in the center of the sidewalk, came upon a storm sewer catch basin, which was located in the sidewalk; said catch basin, in fact, covered the sidewalk and one walking there would be forced to step on one of the two concrete slabs which covered the basin or walk into the street; the sides and top of the catch basin were about eight inches above the level of the sidewalk. When the plaintiff stepped on the slab it turned over the edge of the basin, causing him to fall or be thrown onto the curb; at the time of

the accident, there were no lights in the area and the lights in the Blossom Shop (a shop located in the vicinity of the accident) were not turned on. The plaintiff had walked along this street many times before and knew the basin was there, but the last time he had been in the area (some three weeks prior to the time of the accident) he had stepped on the basin cover and the slabs were firm. Said basin was installed by the City of Opelika twelve or fifteen years prior to the accident, the purpose of which was to drain water off the street. It is in fact a street drain carrying water into the pipes of the drainage system of the City. The Street Superintendent for the City testified that he had on several occasions prior to the accident straightened up the slabs and that the last time he was there one slab was sticking out a couple of inches. He also testified that the slabs are not fastened down in any way, but just lie there.

The basis of the defendant municipality's liability is § 502, Title 37, Code 1940, which provides:

"No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, [a] unless said injury or wrong was done or suffered through the neglect, carelessness, or unskillfulness of some agent, officer, or employe of the municipality engaged in work therefor; and while acting in the line of his duty, or [b] unless the said injury or wrong was done or suffered through the neglect, carelessness, or failure to remedy some defect in the streets, alleys, public ways, or buildings after the same had been called to the attention of the council, or after the same had existed for such unreasonable length of time as to raise a presumption of knowledge of such defect on the part of the council, * * *."

It is well established that a municipality is under a duty to maintain its sidewalks in a reasonably safe condition for the use of the public and for its negligent failure so to do it is liable in tort to a person thereby injured. City of Bessemer v. Barnett, 212 Ala. 202, 102 So. 23.

This doctrine is recognized by the statute, supra, and "anything that may reasonably be expected to interfere with the safe use of a sidewalk by pedestrians is a defect". City of Bessemer v. Whaley, 187 Ala. 525, 529, 65 So. 542, 543.

Count Two of the complaint sought to recover under the second provision (b) of the foregoing statute, i. e., the negligence of the municipality in failing to remedy a defect in the sidewalk after such defect had been called to the attention of the council or after the same had existed for such unreasonable length of time as to raise a presumption of knowledge of the defect on the part of the council.

The evidence was undisputed that the Superintendent of Streets of the municipality had knowledge of the condition of the catch basin before the accident occurred. That amounted to notice to the City. Bradford v. City of Anniston, 92 Ala. 349, 8 So. 683. There was also testimony—and this from one of defendant's witnesses—that the lid on the basin had been loose during the three-week period next preceding the accident.

Upon the evidence, we are inclined to the view that the trial court was in error in directing a verdict in favor of the defendant. See City of Birmingham v. Bowen, 254 Ala. 41, 47 So.2d 174; City of Birmingham v. Wood, 240 Ala. 138, 197 So. 885, and above authorities.

The trial court in directing the verdict for the defendant apparently took the view that the State of Alabama and not the City was responsible for the maintenance of the catch basin as a result of Act No. 284, General Acts of Alabama 1949, Code 1940, Tit. 23, § 78(19) et seq., and that therefore the City was not liable. Said act provides in part as follows:

"Section 1. It is hereby declared by the Legislature of Alabama that city and town streets and roads, or portions thereof, including viaducts

and bridges, which constitute the route of connection between or extension of state roads in the Alabama State Highway System, hereby designated as Municipal connecting link roads, have in the past, do now, and will in the future serve a State purpose, and are for the general benefit of the State; that it is a proper and legitimate function of the State to designate such municipal connecting link roads and to provide for the cost and manner and extent of maintenance, repair, construction and reconstruction of the same by the state independently or in cooperation with the city or town involved.

\* \* \* \* \* \*

"Section 3. The Department [State Highway Department] is hereby authorized, empowered, directed and required to maintain and repair under its control and supervision, such designated municipal connecting link roads \* \* \*. Provided nothing herein contained shall require the Department to sweep, sprinkle or light said municipal link roads.

"Section 4. The following stipulations and conditions shall obtain as to state maintenance of municipal connecting link roads:

"(a) State maintenance of a city or town street traversed by a State maintained highway route shall not extend beyond the back of the curb, where a curb and gutter section exists, and not beyond the back or roadway ditch or the toe of fill slope where no curb and gutter is in place except as necessary in the placing and maintaining of highway markers, etc.

\* \* \* \* \* \*

"(e) The city or town will be responsible for all drainage that enters the city's or town's storm sewer system including all catch basins, sand traps, drop inlets and such.

"The State is to perform normal routine maintenance on roadway drainage structures not a part of the city or town storm sewer system but the State is to assume no responsibility for a general drainage problem. \* \* \*"

Geneva Street, the street on which the catch basin was located, had been designated as a municipal connecting link road in Alabama State Highway 37, as provided in the statute. The evidence shows, however, that the catch basin was located in the sidewalk of Geneva Street. Section 4(a) of Act No. 284 clearly stipulates that street maintenance of a city or town street traversed by a state-maintained highway route shall not extend beyond the back of the curb where a curb and gutter section exists. The State, therefore, is expressly exempt from the duty of maintenance beyond the curb and this notwithstanding the fact that Geneva Street, according to the official map of Opelika, is fifty feet wide and this figure from the measurements offered in evidence (though somewhat confusing), would include the sidewalks on both sides of the street.

Furthermore, § 4(c) of the Act stipulates that the City shall be responsible for all drainage that enters the City's storm sewer system, including all catch basins, and the State is relieved of the duty of maintenance of such catch basins. The evidence showed that the catch basin in question was a part of the city drainage system and the responsibility for its maintenance, including the slabs covering it, therefore, devolved upon the City and not the State. We entertain the view that the learned trial court was in error in his construction of the Act.

In view of another trial, we will consider the defendant's argument with reference to the sufficiency of the complaint as against its grounds of demurrer. The defendant argues that the complaint failed to allege notice of the defect by the municipality.

The plaintiff alleged in Count Two of the complaint that he was injured, the manner in which he was injured, the place where the injury occurred, the existence of

a defect in a public sidewalk, and ascribed the injuries as proximately resulting by reason of the defendant negligently causing or allowing said defect to be or remain in a public sidewalk. A like count in the case of City of Birmingham v. Walthall, 23 Ala.App. 314, 125 So. 799, 800, certiorari denied 220 Ala. 428, 125 So. 800, was held sufficient. It was there pointed out that an allegation " 'that the defendant negligently caused or negligently allowed said defect to be, or remain in said public street or public avenue,' " imports that the defect had existed sufficiently long to have been discovered and remedied by the exercise of due care. See also City of Montgomery v. Ferguson, 207 Ala. 430, 93 So. 4. Count Two was therefore good against the stated ground of demurrer.

█ Count One undertakes to set forth a cause of action in category denominated (a) of the statute, the theory being that the plaintiff's injuries were ascribable to the loose slabs in the sidewalk which were negligently left without warning or signal to persons using the sidewalk. City of Birmingham v. Shirley, 209 Ala. 305, 96 So. 214. It is not required that notice of the condition causing the injury should be brought home to the municipality where the negligence charged is legally attributable to some officer or agent of the municipality. Hence an allegation of notice was unnecessary in Count One. City of Birmingham v. Shirley, supra.

· █ The appellee also argues that Count One fails to show that an agent of the municipality was "engaged in 'work' therefor," as defined in City of Bessemer v. Whaley, 8 Ala.App. 523, 62 So. 473, 475. But we cannot agree. The duty of a city to keep its sidewalks in a reasonably safe condition is a corporate one and its agents or officers in the performance of this duty are engaged in a ministerial function. Dorminey v. City of Montgomery, 232 Ala. 47, 166 So. 689; City of Bessemer v. Whaley, 187 Ala. 525, 65 So. 542. And quoting from City of Bessemer v. Whaley, 8 Ala.App. 523, 62 So. 473, 475, "The character of 'work' to which the statute has reference is work of the * * * officers of a municipality * * * in discharging ministerial duties therefor in the execution of its private or corporate acts". Count One contained allegations disclosing the public nature of the sidewalk, the defect therein, the failure to provide warning signals and ascribed the plaintiff's injuries to the negligence of an officer, agent or employee of the defendant, engaged in work therefor and acting within the line and scope of his or their authority. We entertain the view that the trial court properly overruled the defendant's demurrer.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.